Matthias, J.
The bank and Graham assign as error the judgment .of the Court of Appeals affirming the judgment of the Court of Common Pleas which decided that the improperly executed mortgage of the budget company is a valid lien on the real estate of Mrs. Denison as against the mortgage held by Graham and as against that portion of the bank’s subsequent mortgage which exceeds the unpaid balance on its original mortgage. The evidence as stipulated by the parties and disclosed by the finding of facts of the Court of Common Pleas may be summarized as follows:
The two Denisons each separately signed an instrument intended by them as a mortgage deed against real estate then *93 in the name of Mrs. Denison, in order to secure credit for Denison from the budget company. No misrepresentation was made nor fraud practiced upon either of them by the mortgagee in obtaining their separate signatures on said\instrument. The notary public did not actually witness the signing by Mrs. Denison of her name nor did she acknowledge her signature or signing to him either in person or otherwise then or afterwards. Denison executed the instrument after he saw and recognized that it had been signed by his wife, delivered it to an actual witness of his and her signatures and thereafter acknowledged his signature over the telephone to the notary public who thereupon affixed his name both as witness and acknowledging officer. Neither the bank nor Graham was misled by the facts underlying the execution and acknowledgment of the mortgage deed.
The bank and Graham in their appeal to this court urge that, under the facts set forth, the mortgage of the budget company when recorded did not constitute a lien on the premises as against mortgages properly executed and recorded subsequent thereto. The budget company urges that, where the mortgage is apparently regular, with witnesses to the signatures and-acknowledgment before a notary public, and is properly recorded, it can not be challenged by contradictory testimony of the parties and the notary public.
This controversy involves rights among creditors with mortgage liens executed and properly recorded and does not involve any controversy between the mortgagees and the makers of these mortgages; therefore, the court is referred by the parties to the statutes applicable to the execution of mortgages and the recording thereof. These sections are as follows:
Section 8510, General Code (Section 5301.01, Revised Code). “A deed, mortgage, or lease of any estate or interest in real property, must be signed by the grantor, mortgagor, or lessor, and such signing be acknowledged by the grantor, mortgagor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing also must be acknowledged by the grantor, mortgagor, or lessor before a judge of a court of record in this state, or a clerk thereof, a county auditor, county engineer, notary public, mayor, or justice of the peace, who shall certify the ac *94 knowledgment and subscribe his name to the certificate of such acknowledgment. ’ ’
Section 8543, G-eneral Code (Section 5301.25, Revised Code). “All other deeds and instruments of writing for the conveyance or encumbrance of lands, tenements, or hereditaments, executed agreeably to the provisions of this chapter shall be recorded in the office of the recorder of the county in which the premises are situated, and until so recorded or filed for record, they shall be deemed fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed' or instrument. ’ ’
The purpose and effect of acknowledgments in general are well stated as follows in 7 Thompson on Real Property (Perm. Ed.), 416:
“The acknowledgment of a deed is required by statute chiefly for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it. 'The statutes in general declare that a deed shall not be admitted of record unless it is acknowledged or proved by attesting witnesses in the mode prescribed. A deed without acknowledgment, or defectively acknowledged, passes the title equally.with one acknowledged, as against the grantor and his heirs; but without an effectual acknowledgment a deed can not be recorded so as to afford notice of the conveyance to all the world. Acknowledgment has reference, therefore, to the proof of execution, and not to the force, effect, or validity of the instrument. A defect in the instrument is not cured by acknowledgment. Acknowledgment is a prerequisite to recording the deed and making it constructive notice of all the facts set forth in it. The record of a deed without acknowledgment or proof as prescribed by statute does not afford constructive notice of it. In like manner, the record of a deed defectively acknowledged by the parties does not impart constructive notice. The validity of a deed at common law did not depend on its acknowledgment; and where acknowledgment is required, its object is the protection of creditors and purchasers.”
The rule explained in Thompson has been applied in the *95 cases decided by this court. Where the acknowledgment or execution of the deed is defective, it has been held ineffective as against subsequent creditors. See White v. Denman, 1 Ohio St., 110; Erwin v. Shuey, 8 Ohio St., 509; Amick v. Woodworth, 58 Ohio St., 86, 50 N. E., 437; and Straman, Admr., v. Rechtine, 58 Ohio St., 443, 51 N. E., 44.
- A defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud. Logan Gas Co. v. Keith, 117 Ohio St., 206, 158 N. E., 184, and Baldwin v. Snowden, 11 Ohio St., 203, 78 Am. Dec., 303.
However, as between the parties to the mortgage, where the deed is executed as the result of fraud, such instrument is ineffective to convey the land. See Williamson v. Carskadden, 36 Ohio St., 664.
The effect of the recording of a defective deed is stated in the case of Amick v. Woodworth, supra, paragraph two of the syllabus of which is as follows:
“A mortgage with but one attesting witness beside the mortgagee, or the acknowledgment of which was taken by him as a notary public, is not entitled to record, nor valid, though admitted to, record, as against a subsequent properly executed and recorded mortgage.”
Under the provisions of Section 8543, General Code, and the above-cited cases, a defectively executed mortgage when recorded does not establish a lien with priority over subsequently recorded mortgages properly executed. This general rule is not confined only to instances in which on its face the instrument is defective but is applicable also to other situations in which, by evidence, the defective condition of the conveyance is disclosed.
It certainly must be evident that the duties of a notary public in connection with the execution of instruments requiring acknowledgments or affidavits are not merely casual. There are many conveyances today which require recording to establish liens, as for example certificates of title to automobiles, chattel mortgages and.other mortgages. A notary public who affixes his name and seal to an acknowledgment or affidavit which states that the parties appeared before him when .in effect they did not so appear is himself making an untrue state *96 ment, which may be followed by both civil- and criminal liability. See Section 131-1, General Code (Sections 147.14 and 147.99, Revised Code).
Until the General Assembly removes the requirement of the acknowledgment of signatures to instruments which must be recorded for the protection of liens, such acknowledgments must be executed lawfully, and the situation which developed in this case is a good example of the injury and loss which result from the failure of a notary public to recognize the seriousness and importance of his duties.
For the reasons stated, the judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas that the mortgage of the budget company was entitled to record and is a valid lien superior to those of the bank and Graham, is erroneous.
The judgment of the Court of Appeals is, therefore, reversed and the cause remanded.

Judgment reversed and cause remanded.

Weygandt, C. J., Hart, Zimmerman Stewart, Bell, and Taft, JJ., concur.